UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N° 06-CV-4999 (JFB)
_____

DMITRI ALI DAVIS,

Petitioner,

VERSUS

NASSAU COUNTY,

Respondent.

_____

MEMORANDUM AND ORDER
November 29, 2007
_____

JOSEPH F. BIANCO, District Judge:

Dmitri Ali Davis (hereinafter "petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 conviction in state court for Sexual Abuse in the First Degree. Petitioner pleaded guilty to that crime and was sentenced to a determinate term of imprisonment of three years. Petitioner completed his sentence on September 16, 2000, when he was discharged from parole. Given that petitioner's conviction has fully expired, the question is whether he is still "in custody" for purposes of habeas review because of (1) the ongoing requirement that he register as a convicted sex offender; or (2) the criminal penalties subsequently imposed on him when he moved to Oklahoma due to his failure to register according to Oklahoma sex offender laws.

For the reasons stated below, the habeas petition is dismissed. Specifically, the Court holds that the sex offender registration requirement, including any penalties resulting from failure to comply with that requirement, are collateral consequences from the underlying expired conviction and, thus, cannot satisfy the "in custody" requirement for purposes of federal habeas review on the underlying conviction.

## I. BACKGROUND

### A. The Facts

The following facts are adduced from the instant petition and underlying record, and are undisputed for purposes of this petition.

Petitioner was arrested by Nassau County detectives on September 16, 1997. On or about September 30, 1997, the grand jury of Nassau County indicted petitioner for Rape in the First Degree (N.Y. Penal Law § 130.35), Rape in the Second Degree (N.Y. Penal Law § 130.30), Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65[1]), and Endangering the Welfare of a Child (N.Y. Penal Law § 260.10[1]) (Indictment #2777N/97). Petitioner pleaded guilty to the charge of Sexual Abuse in the First Degree on March 17, 1998, in Nassau County Court. As a part of his plea agreement, petitioner waived his right to appeal.

On May 5, 1998, petitioner was sentenced in Nassau County Court, as a second felony offender, to a determinate term of imprisonment of three years. On or about March 2, 2000, a hearing was held in compliance with New York's Sex Offender Registration Act ("SORA"), N.Y. Corr. Law § 168. At the hearing, petitioner was determined to be a Level 2 sex offender.

Petitioner successfully completed his sentence under Indictment # 2777N/97, and was discharged from parole on September 16, 2000. Upon release, in compliance with New York's SORA, petitioner was required to register as a convicted sex offender. SORA obligations mandate that petitioner provide relevant authorities with his address and other personal information, and that he appear in person every three years to provide a current photograph. *See* N.Y. Corr. Law § 168-f.

In the six years since petitioner's release, he has moved to Oklahoma and has notified the appropriate authorities in the New York State Sex Offender Registry of his move. Since his move to Oklahoma, however, petitioner was re-incarcerated on April 21, 2007, due to failure to register according to Oklahoma sex offender laws. Petitioner pleaded guilty in the District Court of Oklahoma County, State of Oklahoma, to his failure to register as a sex offender, and received a five-year sentence, with all but one year suspended. He was released on the Oklahoma state court conviction on October 12, 2007 and is subject to probation as part of his sentence.

### B. Procedural History

In or about July 1998, petitioner, acting *pro se*, filed a notice of appeal in New York State Court in connection with his 1998 conviction. (Pet. ¶ 2). Petitioner then filed a motion requesting leave to appeal *in forma pauperis*. The Appellate Division denied the motion. Petitioner never perfected his appeal from his judgment of conviction. Neither petitioner's conviction, nor his sentence has been overturned or modified by any appellate court. (*Id.*)

On September 11, 2006, petitioner moved before this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge his 1998 conviction for sexual abuse. On April 19, 2007, petitioner advised the Court of his re-incarceration in Oklahoma stating on April 21, 2007 due to his failure to register as a sex offender in Oklahoma. By letter dated October 7, 2007, petitioner advised the Court that he was going to be released from prison in Oklahoma on October 12, 2007, and subject

to four years' probation. By letter dated October 27, 2007, following petitioner's release, petitioner advised the Court of his new address. On November 13, 2007, at the direction of the Court, documentation regarding petitioner's Oklahoma conviction was submitted.

## II. DISCUSSION

### A. Standard of Review

To determine whether petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2554. "Clearly established Federal law" is comprised of "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.*

AEDPA establishes a deferential standard of review: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). The Second Circuit added that, while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Gilchrist*, 260 F.3d at 93 (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

3

B. "In Custody" Requirement

The respondent contends that the instant petition should be dismissed because petitioner was not "in custody" pursuant to the 1998 New York judgment of conviction for Sexual Abuse in the First Degree when he filed his 2006 petition because he was discharged from parole on that conviction in 2000. As set forth below, this Court agrees and finds that this Court has no jurisdiction to entertain petitioner's claims on the 1998 conviction.

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphases added). The question presented by this case is whether petitioner's habeas corpus petition asserts claims for which he is "in custody" within the meaning of 28 U.S.C. § 2254. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (denying a petition for writ of habeas corpus because the petitioner failed to satisfy "in custody" requirement); *see also* 28 U.S.C. §§ 2241, 2254(a); *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (holding that relief is generally unavailable through a writ of habeas corpus when a petitioner seeks to challenge a prior conviction for which the person is no longer "in custody"). As the Third Circuit has noted, "custody is the passport to federal habeas corpus jurisdiction." *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971).

Physical confinement is not necessary to satisfy the "in custody" requirement; for example, a petitioner who is on parole or serving a term of supervised release is considered to be "in custody" for purposes of federal habeas corpus statutes. *See Earley v. Murray* 451 F.3d 71, 75 (2d Cir. 2006). The custody requirement is also met where a prisoner attacks any one of a number of sentences, *see, e.g.*, *Peyton v. Rowe*, 391 U.S. 54, 67 (1968), and when a prisoner attacks an earlier conviction, the effect of which was to delay the start of his current unrelated sentence, *see, e.g., Harrison v. Indiana*, 597 F.2d 115, 117 (7th Cir. 1979).

However, the Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (emphasis added). Specifically, the Supreme Court held that even a liberal construction of the "in custody" requirement for purposes of federal habeas relief does not extend to the situation where a "habeas petitioner suffers no present restraint from a conviction." *Maleng*, 490 U.S. at 492. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.*

(1) Sex Offender Registration

To the extent that petitioner argues that the sex offender registration requirement that resulted from his underlying conviction constitutes a restraint that satisfies the "in custody" requirement for habeas review of the underlying conviction, the Court rejects that

4

argument.

The Supreme Court has emphasized that collateral consequences of a conviction alone, as opposed to a sentence itself, are never sufficient to render an individual "in custody" for purposes of habeas corpus review. *Maleng*, 490 U.S. at 492-93 ("Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it."). "Examples of 'collateral consequences' that do not render a petitioner in custody include the inability to obtain a license to engage in a particular profession, own or possess firearms, or hold public office." *People ex rel. Sherman v. People of State of Ill.*, No. 03 C 0385, 2006 WL 200189, at *1 (N.D. Ill. Jan. 19, 2006) (citations omitted); *see also Birotte v. Sec'y for Dep't of Corr.*, No. 06-11506, 2007 WL 1695673, at *2 (11th Cir. June 13, 2007) (noting that petitioner "concedes that his sentence for carrying a concealed firearm has expired, and thus the collateral consequence of his prior conviction – the removal order – is insufficient to render him in custody for the purposes of § 2254(a)"); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) (holding petitioner not "in custody" for habeas purposes when in federal immigration custody awaiting final removal determination and seeking to challenge conviction that served as basis for removal). Thus, "even grievous collateral consequences stemming directly from a conviction cannot, without more, transform the absence of custody into the presence of custody for the purpose of habeas review." *Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987); *see also Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988) ("In many cases, the determination that a particular consequence is 'collateral' has rested on the fact that it was in the hands of another government agency or in the hands of the defendant himself.").

More specifically, under this standard, courts have consistently held that the sex offender registration requirement is merely a collateral consequence of conviction, and does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner "in custody" for the purpose of federal habeas corpus review. *See, e.g., Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002) (holding that Ohio's sexual offender registration laws do not render a petitioner "in custody"); *McNab v. Kok,* 170 F.3d 1246, 1247 (9th Cir. 1999) (same holding under Oregon's sex offender registration law); Henry v. Lungen, 164 F.3d 1240, 1242 (9th Cir. 1999) (same holding under California's sex offender registration law); *Williamson v. Gregoire*, 151 F.3d 1180, 1185 (9th Cir. 1998) (same holding under Washington's sex offender registration law); *Stephens v. United States*, No. 06 CV 538699 (DRH), 2007 WL 1233557, at *3 (E.D.N.Y. Apr. 25, 2007) (same holding under New York's sex offender registration law); *Nicoloudakis v. Abraham,* No. 05-563, 2007 WL 106519, at *4 (E.D. Pa. Jan. 9, 2007) (same holding under New Jersey's sex offender registration law); *United States v. Sweeney*, No. 05 CV 165599 (JBA), 2006 WL 2864709, at *3 (D. Conn. Oct. 6, 2006) (same holding under Connecticut's sex offender registration law); *Shakir v. State*, No. Civ.A. 05-2980 (WJM), 2006 WL 126437, at *2 (D.N.J. Jan. 17, 2006) (same holding under New Jersey's sex offender registration law); *Ali v. Carlton,* No. 2:04-CV-398, 2005 WL 1118066, at *2 (E.D. Tenn. April 25, 2005) (same holding under Tennessee's sex offender registration law); *Lannet v. Frank*, No. 04-C-

5

522-C, 2004 WL 1774658, at *3 (W.D. Wis. Aug. 4, 2004) (same holding under Wisconsin's sex offender registration law); *see also Shepherd v. New Jersey*, No. 06-5283 (JLL), 2006 WL 3359718, at *1-*2 (D.N.J. Nov. 20, 2006) (collecting cases).

This Court agrees with the analysis of these other courts. The sex offender registration requirement, whether under New York or Oklahoma law, does not prevent petitioner from traveling and does not restrain his liberty in any meaningful way. It is clearly a collateral consequence of the conviction, rather than the type of restraint on liberty that satisfies the "in custody" requirement for purposes of Section 2254. *See Williamson,* 151 F.3d at 1184 ("[T]he constraints of this [sex offender registration] law lack the discernible impediment to movement that typically satisfies the 'in custody' requirement."). Therefore, the Court holds that the fact that petitioner is subject to New York and Oklahoma sex offender registration requirements as a result of his underlying conviction does not constitute being "in custody," such that it can permit federal habeas review of the expired underlying conviction.

However, in the instant petition, petitioner claims that he was not only subject to these registration requirements, but that he also has been subjected to criminal penalties for failure to comply with such requirements. The Court now turns to whether the imposition of criminal penalties for failure to register changes the analysis and thereby satisfies the "in custody" requirement for habeas review of the underlying sex abuse conviction.

(2) Criminal Penalties for Failure to Register

Petitioner notified the Court that he was re-incarcerated on April 21, 2007 in Oklahoma for his failure to register according to Oklahoma sex offender laws since his move from New York. He subsequently notified the Court in October 2007 of his release and the fact that he was subject to continuing probation as a result of the offense. To the extent that petitioner argues that this conviction in Oklahoma somehow resurrects his ability to challenge his underlying 1998 conviction because he is again "in custody" for habeas purposes, the Court finds that argument unpersuasive.

In *Maleng*, the petitioner challenged his expired 1958 conviction and argued that it had been illegally used to enhance his 1978 conviction. 490 U.S. at 490-91. As an initial matter, the Supreme Court noted that "[w]e have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." 490 U.S. at 491 (emphasis in original). Citing *Carafas v. LaVallee*, 391 U.S. 234 (1968), the Court noted that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492. Moreover, the Court recognized that this rule does not change "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.* However, the Court acknowledged that, because the petition could be construed as challenging the 1978 conviction itself (as enhanced by the allegedly invalid prior conviction), the "in custody"

6

requirement was satisfied because that 1978 conviction had not expired.[1] *Id.* at 493-94.

This Court concludes, under *Maleng,* that petitioner in the instant case has not satisfied the "in custody" requirement for purposes of challenging his 1998 conviction even though he has been subjected to penalties for failing to register as a sex offender. It is undisputed that the 1998 conviction had fully expired at the time his petition was filed and, thus, any collateral consequences of that conviction – including penalties for failure to register – cannot constitute "custody" for purposes of the underlying conviction. Moreover, the fact that these collateral penalties are not merely a possibility, but have actually materialized in Oklahoma, does not make them any less collateral and, thus, does not change the "in custody" analysis. As the Supreme Court explained in *Maleng*:

> In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

*Id.* at 492-93. Similarly, although some courts have suggested that the analysis is different where the underlying conviction is not simply enhancing a sentence but rather is a necessary predicate for the subsequent conviction or incarceration,[2] this Court disagrees. The Supreme Court's analysis in *Maleng* was not contingent upon the type of collateral impact – whether it may a sentencing enhancement or an element of another offense. Instead, the clear focus of the rule enunciated in both *Maleng* and *Carafas* is that the challenged conviction had fully expired at the time the petition was filed. Once that occurs, the "in custody" requirement cannot be satisfied regardless of the precise nature of the collateral consequence of the conviction.

Thus, once the conviction has fully expired, the "in custody" requirement cannot be met simply by becoming re-incarcerated for violating some collateral consequence of a conviction, such as failure to register as a sex offender or by possessing a firearm as a convicted felon. When such a re-incarceration occurs as a result of failing to register, the resulting sentence is not a continuation of the sex offense sentence because that sentence has expired, but rather is pursuant to an entirely separate conviction for failure to register. *See Birotte*, 2007 WL 1695673 at *3 ("*Maleng* makes clear that the 'in custody' requirement means that the petitioner must be 'in custody' under the

---

[1] The Court cautioned that, although it found "custody" for purposes of subject matter jurisdiction, "[w]e express no view on the extent to which the 1958 conviction itself may be subject to challenge in the attack upon the 1978 sentences which it was used to enhance." *Id.* at 494.

[2] *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1019-20 (9th Cir. 2001); *see also Brock v. Weston*, 31 F.3d 887, 890 (9th Cir. 1994) (holding that petitioner could challenge expired conviction that was "necessary predicate" to subsequent civil commitment under Washington's Sexually Violent Predators Act); *Jennings v. Rogers*, No. 05-2968 (JAP), 2006 U.S. Dist. LEXIS 61202, at *7 (D.N.J. Aug. 28, 2006) (same holding under New Jersey's Sexually Violent Predators Act).

7

conviction or sentence under attack at the time of the habeas petition is filed, and the collateral consequences of the conviction, alone, are insufficient to render the defendant 'in custody' for the purposes of a habeas attack"). Here, the collateral nature of the incarceration in Oklahoma is highlighted by the fact that it resulted from conduct that occurred in another state, was the subject of a separate court proceeding before a court in a different state under the law of that jurisdiction, and occurred almost a decade after petitioner's conviction in New York.

To hold otherwise would be contrary to *Maleng* and open the door for habeas petitions challenging convictions that were decades old. In other words, if the "in custody" requirement were met under these circumstances, then any time an individual suffered some collateral penalty due to his status as a sex offender or convicted felon, he could resurrect a habeas challenge to the underlying predicate conviction. For example, if "in custody" were viewed this broadly, an individual convicted of a felony could revive a habeas challenge for that conviction if he was convicted decades later for being a felon in possession of a firearm. Permitting this type of collateral attack would severely undermine the ability to have finality in convictions. Moreover, it also would cause practical problems for state courts to retain trial records long after a case is closed, in anticipation of a challenge to the conviction decades later by some collateral penalty for failure to register as a sex offender. In addition, allowing petitions to proceed on the basis of collateral consequences also would undermine the statute of limitations for habeas petitions. As the Tenth Circuit has noted, "the 'in custody' jurisdictional requirement is statutorily set and the question of who is entitled to habeas review is a policy determination to be made by the legislature rather than the judiciary." *Broomes*, 358 F.3d at 1254.

Finally, unlike the situation in *Maleng*, this Court cannot avoid the application of the "in custody" requirement by construing petitioner's claim to really be an attack on the unexpired conviction (as enhanced by the prior expired conviction).[3] Here, it is abundantly clear that petitioner is only seeking to overturn his underlying sex offense conviction, rather than any conviction that has resulted in Oklahoma for failing to register. In fact, he filed the habeas petition *before* he was ever subjected to any penalties in Oklahoma for failure to register. Moreover, petitioner did not, at any point in his supplemental letters to the Court advising of his detention and then subsequent release from jail in Oklahoma for failing to register, ever suggest to this Court that he was attempting to separately challenge the penalties imposed in Oklahoma. Furthermore, there is no indication that he has ever even attempted to challenge his sentence by a direct appeal in the Oklahoma courts. Therefore, because the 1998 conviction has fully expired, the "in custody" requirement cannot be satisfied for that conviction despite any collateral consequences from that conviction. Accordingly, the current habeas petition challenging that 1998 conviction must be dismissed.

---

[3] If the Oklahoma conviction were being independently challenged, the "in custody" requirement would be satisfied by the suspended sentence with the ongoing probationary conditions. *See Poodry v. Tonawanda Bd. of Seneca Indians,* 85 F.3d 874, 894 (2d Cir. 1996) (citing *Sammons v. Rodgers,* 785 F.2d 1343, 1345 (5th Cir. 1986) (per curiam)).

The Court also notes that, even assuming *arguendo* that the petition could be construed as challenging the Oklahoma sentence (as predicated upon the allegedly invalid 1998 conviction), that petitioner still could not survive dismissal under Supreme Court precedent. Specifically, in *Lackawanna County District Attorney v. Coss,* 532 U.S. 394 (2001), although the Court found that the Section 2254 petition could satisfy the "in custody" requirement when construed as asserting a challenge to an unexpired 1990 sentence as enhanced by the allegedly invalid expired 1986 conviction, the Court held that the expired conviction itself was conclusively valid. 532 U.S. at 403-04. Citing *Daniels v. United States*, 532 U.S. 374 (2001), the *Lackawanna* Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 403 (citing *Daniels,* 532 U.S. at 374). In reaching this decision, the Court noted that considerations identified in *Daniels* – namely, "the need for finality of convictions and ease of administration." *Lackawanna*, 532 U.S. at 402. With respect to finality of convictions, the Court explained:

> A defendant may choose not to seek review of his conviction within the prescribed time. Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation. In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment. . . . Other jurisdictions acquire an interest as well, as they may then use that conviction for their own recidivist sentencing purposes, relying on the presumption of regularity that attaches to final judgments.

*Id.* at 403 (citations and quotation marks omitted). Similarly, with respect to ease of administration concerns, the Court noted:

> Federal courts sitting in habeas jurisdiction must consult state court records and transcripts to ensure that challenged convictions were obtained in a manner consistent with constitutional demands. As time passes, and certainly once a state sentence has been served to completion, the likelihood that trial records will be retained by the local courts and will be accessible for review diminishes substantially.

*Id.* (citation omitted).

The Supreme Court has identified two exceptions to this rule, neither of which applies to petitioner's case. *See id.* at 403-05. The first exception is where counsel is not appointed at the trial stage, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Custis v. United States*, 511 U.S. 485, 494-96 (1994). This exception is not in issue because petitioner was represented by counsel in connection with his underlying New York

conviction. The second exception involves cases in which a defendant was denied access to any channels of review whatsoever through no fault of petitioner. *See Daniels*, 532 U.S. at 383. In the instant case, the channels of state appellate review existed, but petitioner never perfected his appeal. Petitioner's conclusory excuse – namely, that he did not have the information he now has at the time of his direct appeal – is insufficient to satisfy this exception. *See Olivas v. Colorado,* No. 06-1302, 2006 WL 3020640, at *1 (10th Cir. Oct. 25, 2006) (unpublished order) ("[Petitioner's] only suggestion as to why he failed to file a timely petition is that he only 'recently discovered' the alleged constitutional deficiencies. This is not sufficient to satisfy the *Lackawanna* exception."). Thus, petitioner has not satisfied either exception. *See, e.g., Broomes*, 358 F.3d at 1254 ("[T]he Supreme Court's judicial interpretation of the applicable statutes has squarely set out only two exceptions, of which [petitioner] meets neither.").

In sum, in the instant petition, even assuming *arguendo* petitioner could overcome the "in custody" defect to his challenge to the 1998 conviction, any attempt to challenge that conviction is barred by *Lackawanna*. That conviction is no longer open to direct or collateral attack because the defendant failed to pursue the remedies available. Thus, the conviction is conclusively valid and cannot be challenged under Section 2254 as having being unconstitutionally obtained.[4]

---

[4] Finally, the Court notes that none of the substantive issues raised in the petition is cognizable on habeas review. In particular, the petition is based on a claim that petitioners' arrest was obtained with false statements and the Grand Jury indictment allegedly lacked a stamped seal and had forged signatures. As a threshold matter, alleged defects in a state grand jury proceeding cannot provide grounds for habeas relief. *See, e.g.*, *Lopez v. Riley,* 865 F.2d 30, 32 (2d Cir. 1989) (finding that claims brought in a state grand jury proceeding are not cognizable in a collateral attack brought in federal court); *Dwyer v. Duval*, 23 F.3d 394, 394 (1st Cir. 1994) (rejecting habeas claim based on invalidity of a conviction due to lack of seal on indictment); *Norwood v. Hanslmaier,* No. 93 Civ. 3748 (NG), 1997 WL 67669, at *2 (E.D.N.Y. Feb. 11, 1997) (finding that denial of defendant's right to testify in grand jury and lack of foreperson's signature on indictment did not raise federal constitutional claims). Moreover, given petitioner's subsequent guilty plea on the sexual abuse charge (which he has failed to demonstrate was not knowingly, intelligently, and voluntarily entered), any alleged defects in the arrest or Grand Jury process cannot serve as grounds for habeas relief. *See, e.g., Whitehurst v. Senkowski*, 485 F. Supp. 2d 105, 117-18 (N.D.N.Y. 2007) (holding that if guilty plea is valid, petitioner precluded "from now challenging the legality of events that occurred prior to the entry of that plea . . . including his habeas claims that the prosecution improperly used statements he made to law enforcement agents to secure the Indictment, or which otherwise argue that the evidence presented to the grand jury to obtain that accusatory instrument was illegally tainted") (citation and quotation marks omitted); *Crispino v. Allard,* 378 F. Supp. 2d 393, 414 (S.D.N.Y. 2005) ("[I]f [petitioner] entered a voluntary, knowing, and intelligent guilty plea, any and all non-jurisdictional defects raised in indictment are waived.").

III. CONCLUSION

For the foregoing reasons, Davis' petition for a writ of habeas corpus is dismissed. As Davis has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and

close this case.

        SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 29, 2007
Central Islip, NY

        \* \* \*

Petitioner appears *pro se*. The attorney for respondent is Kathleen M. Rice, Esq., Nassau County District Attorney, by Andrea M. DiGregorio, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, New York 11501.